UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION, <br> LABORERS WELFARE FUND, et al. <br> <br> Plaintiffs, <br> <br> vs. <br> <br> KIRKWOOD MASONRY, INC., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:12 CV 694 CDP <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

Plaintiffs obtained a default judgment against Kirkwood Masonry, Inc., and now seek a creditor's bill in equity against Luna Builds St. Louis, LLC, which plaintiffs allege is an alter-ego entity of the named defendant. Kirkwood Masonry has been served and counsel has entered an appearance upon its behalf. I ordered defendant to show cause why plaintiffs' motion should not be summarily granted. In response, Kirkwood Masonry states that it has neither the will nor resources to defend this case and has discharged counsel. I will grant counsel's motion to withdraw. However, I find that Luna Builds has not been provided sufficient notice of the motion for a creditor's bill. I will not rule on that motion at this time, but will grant additional time for plaintiffs to provide proper notice.

**Background**

Plaintiffs were granted a default judgment against Kirkwood Masonry, who is the sole defendant in this case. They then filed a motion for a creditor's bill in equity, alleging that Kirkwood Masonry and Luna Builds were alter egos. This motion was served by registered mail upon counsel "for Defendant Kirkwood Masonry, Inc. and Luna Builds STL, LLC" and filed electronically with the court on July 31, 2013.

**Discussion**

A creditor's bill is the "equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution." *Shockley v. Harry Sandar Realty Co., Inc.*, 771 S.W.2d 922, 925 (Mo. Ct. App. 1989) (citing *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th Cir. 1979)). Absent a controlling federal statute, this court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." *H.H. Robertson Co., Cupples Prods. Div. v. V.S. DiCarlo Gen. Contractors, Inc.*, 994 F.2d 476, 477 (8th Cir. 1993) (quotation marks and citation omitted); Fed. R. Civ. P. 69(a).

Creditor's bill garnishees need not be named as parties in the original action. *Id.* at 478 (citing *Shockley*, 771 S.W.2d at 925). Rather, notice must be provided as to the motion for a creditor's bill in equity. *See id.* Garnishment notice is an indispensable prerequisite to obtaining jurisdiction over the debt garnished. *Gore v. Londoff*, 807

S.W.2d 139, 140 (Mo. Ct. App. 1991). Garnishment is a purely statutory proceeding and strict compliance with the governing statute and Rule is essential. *Meyer v. Meyer*, 571 S.W.2d 477, 479 (Mo. Ct. App. 1978) (citing Rev. Stat. Mo. § 525.020; Mo. S. Ct. Rule 90.04). I believe that Missouri Courts would find that mailing a copy of the motion to counsel purportedly representing Luna Builds to be insufficient notice under the statute. *Cf. H.H. Robertson Co., Cupples Prods. Div. v. V.S. DiCarlo Gen. Contractors, Inc.*, 994 F.2d 476, 477 (8th Cir. 1993) (finding effective notice where non-party served with garnishee's summons in addition to service on counsel).

Accordingly,

**IT IS HEREBY ORDERED** that the motion for leave to withdraw as counsel for defendant [# 88] is granted.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **March 7, 2014** to effect service upon Luna Builds St. Louis, LLC.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2014.